# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTHONY L. COOPER,**

   **Plaintiff,**

**vs.**                                          **Case No. 4:16cv648-MW/CAS**

**MENTAL HEALTH DIRECTOR,**
**et al.**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on October 11, 2016, in the United States District Court, Middle District of Florida.  The case was opened in that court as case number 3:16cv01281, and transferred to this Court on October 17, 2016.  ECF Nos. 2-3.

Plaintiff has filed twenty-one cases in the past ten weeks, the earliest case having been initiated on August 22, 2016.  Plaintiff is now well aware of several things.  First, Plaintiff knows that any civil case he wishes to initiate which concerns events at the Florida State Hospital should be filed in this Court, not the Middle District.  Second, Plaintiff knows that for any

complaint filed, he must also pay the filing fee or file a motion requesting leave to proceed in forma pauperis.  Third, he has received multiple orders directing him to explain the basis for his detention at the Florida State Hospital so it can be determined whether or not Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(g).  Despite that knowledge, Plaintiff continues to file new cases suffering from the same defects.  Moreover, Plaintiff has not responded to Orders entered in the prior cases and recommendations to dismiss those cases have now been made.

Plaintiff's case initiating document is once again styled as an emergency motion for an injunction.  ECF No. 1.  Plaintiff contends that he was housed with other persons who are infected with H.I.V.  He claims staff at the Hospital orchestrated and staged altercations between himself and other residents at the Hospital.  During one such incident, Plaintiff claims he was cut or scratched and reports that he will now have to be periodically tested for H.I.V.  Plaintiff says he lives in fear because of his exposure to H.I.V.

Although Plaintiff complains about an incident that occurred at the Florida State Hospital, Plaintiff has not provided any specific facts to show

Case No. 4:16cv648-MW/CAS

he is in imminent danger, in the future, from a named Defendant.  Plaintiff does not allege any facts showing what the Mental Health Director of Hospital Director have done to cause him past harm or which places him at risk of future harm.  Plaintiff also has not properly filed a "complaint."

Plaintiff did not pay the filing fee when he initiated this case, nor did Plaintiff submit an in forma pauperis motion.  Plaintiff knows full well from the multitude of cases recently filed that he must do so.  It is likely that Plaintiff did not submit an in forma pauperis motion because Plaintiff is a prisoner with three strikes under 28 U.S.C. § 1915(g).  His repeated conclusory assertions that he is in danger of being murdered are not supported by clear factual statements.  The nearly incomprehensible assertions made, ECF No. 1, appear to be conclusory statements made solely in an attempt to avoid sua sponte dismissal.

Judicial notice is taken of Plaintiff's status at the Florida State Hospital through court records.  Prior to transfer of this case, Plaintiff was filing cases in the Middle District of Florida.  In one such case, Plaintiff confirmed that he had been transferred from the Duval County Jail to the Florida State Hospital.  <u>Cooper v. Peoples</u>, Case No. 3:16-cv-876-MMH-

MCR, ECF No. 2.  Plaintiff Anthony Cooper was charged with committing grand theft in two cases in Duval County, Florida.  *See* State v. Cooper, Duval County Circuit Court Case Nos. 16-CF-587 and 590 (identifying criminal defendant as Anthony Leonardo Cooper, offender number 2016-001598).  In an order dated May 20, 2016, Duval County Circuit Judge Steven B. Whittington declared Plaintiff incompetent to proceed due to mental illness and committed Plaintiff to the Department of Children and Families to be placed in a mental health treatment facility.  A Florida State Hospital Commitment Package was generated for Plaintiff and a review hearing has been scheduled for November 16, 2016.  Duval County Circuit Court Case Nos. 16-CF-587.  Thus, Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Plaintiff is a frequent filer who has had more than three cases dismissed pursuant to 28 U.S.C. § 1915(g).  *See* case # 4:02cv76-RH (citing dismissed cases).  Plaintiff is not entitled to proceed with in forma

pauperis status absent allegations which demonstrate he is in "imminent danger of serious physical injury." *Id.* Plaintiff has enough litigation experience to know what is required to proceed. Yet Plaintiff does not demonstrate that he faces "imminent danger" from any person identified as a Defendant. Plaintiff has not filed a proper complaint, nor has he availed himself of the opportunity to do so in the multitude of cases recently filed.[1]

Plaintiff's continued filing of cases which fail to provide any clear factual assertions of imminent danger is abusive. This torrent of litigation must be stopped. Accordingly, it is recommended that this case be dismissed. If Plaintiff wishes to challenge some condition of confinement at the Florida State Hospital, Plaintiff must pay the filing fee at the time of case initiation. Alternatively, he must submit a complaint, on a proper complaint form, which contains clear allegations of imminent harm from a person who is physically located with Plaintiff.

---

[1] Plaintiff has filed the following cases to date, including several which have already been dismissed: 4:16-cv-00519-WS-GRJ (closed on 10/26/16); 4:16-cv-00556-WS-CAS; 4:16-cv-00557-MW-CAS; 4:16-cv-00569-WS-CAS; 4:16-cv-00570-MW-GRJ (closed on 10/31/16); 4:16-cv-00571-WS-CAS; 4:16-cv-00576-RH-GRJ; 4:16-cv-00577-RH-CAS; 4:16-cv-00579-MW-CAS; 4:16-cv-00599-RH-CAS; 4:16-cv-00611-MW-CAS; 4:16-cv-00617-WS-GRJ; 4:16-cv-00618-RH-CAS; 4:16-cv-00640-RH-GRJ; 4:16-cv-00645-WS-CAS; 4:16-cv-00647-MW-CAS; 4:16-cv-00648-MW-CAS; 4:16-cv-00649-RH-CAS; 4:16-cv-00650-MW-CAS; 4:16-cv-00651-RH-CAS; and 4:16-cv-00656-RH-CAS.

Case No. 4:16cv648-MW/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court be directed to note the basis for dismissal on the Court's docket.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2016.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.